1
2
3
4
5
6
7

**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St., Suite 780**
**Woodland Hills, CA 91367**
**Phone: 323-306-4234**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**
*Attorneys for Plaintiff, Monica Emerson and all others similarly situated*

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19

| | |
|---|---|
| MONICA EMERSON, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>      vs.<br><br>APPLE INC. and DOES 1-10,<br><br>        Defendant(s). | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*) and<br>(2)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(3)  Violation of the Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*)<br><br>**Jury Trial Demanded** |

20
21    ///
22    ///
23    ///
24    ///
25    ///
26    ///
27    ///
28    ///

Plaintiff Monica Emerson ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this class action Complaint against Defendant APPLE INC. (hereinafter "Defendant") to stop Defendant's practice of modifying and corrupting Purchasers' Apple iPhones with  updates that force Purchasers to have to purchase new cellular telephone chargers and/or cellular telephones and to obtain redress for all Purchasers Nationwide ("Class Members") who, within the applicable statute of limitations period, had their Apple iPhones modified to stop recognizing and accepting their cellular telephone chargers.

2.      Defendant is a California corporation with its principal place of business and headquarters in California and is engaged in the manufacture, sale, and distribution of cell phones and related equipment and services throughout the world with a large share of its business done in California.

3.      On or around November of 2016, thousands of Apple iPhone owners in the United States and other countries started experiencing problems with their old Apple iPhones, since said Apple iPhones stopped recognizing and accepting their chargers (i.e. chargers which had been manufactured by Apple Inc. but were compatible with the Apple iPhone before September 13, 2016.

4.      In an effort to dominate the cellular telephone marketplace, Apple Inc. forced updates to the iPhones which were specifically designed and programmed to reject, starting on November of 2016, old iPhone chargers from properly charging the iPhones.

5.      The Class Members were not informed by Apple Inc. of this plan to program a rejection of old iPhone chargers. Apple Inc.'s goal was to program the iPhone, after their sale to Class Members, so that said iPhones would no longer accept their chargers. This forced Plaintiff and Class Members to be forced to

either purchase new iPhones or new chargers, which cost approximately twice as much, in order for Apple Inc. to greatly increase its profits to the detriment of Class Members.

6.      Plaintiff and similarly situated Purchasers purchased iPhones that were represented as having certain features and capacities.

7.      Plaintiff and similarly situated Purchasers relied on these representations when purchasing their iPhones.

8.      When purchasing these iPhones, Plaintiff and similarly situated Purchasers desired and believed to have obtained cell phones with the capacity to use Apple Inc.'s chargers.

9.      Plaintiff and similarly situated purchasers were not told at the time of purchase that their iPhones would at some time in the future reject the Apple Inc. chargers due to an update.

10.     Furthermore, Plaintiff and similarly situated Purchasers were not informed by Apple Inc. of the modifications in question and did not consent to Apple Inc. unilaterally pushing such modifications into their iPhones, rendering the iPhones fundamentally altered and making the iPhones no longer what Plaintiff and similarly situated Purchasers had bargained for.

11.     For these reasons and others, Plaintiff brings this class action complaint on behalf of herself and individuals similarly situated against Defendant for its illegal, deceptive, and unconscionable actions in violating the privacy rights of hundreds of thousands of individuals nationwide in order to obtain an unfair and illegal competitive advantage.

## JURISDICTION AND VENUE

12.     This class action is brought pursuant to Federal Rule of Civil Procedure 23.

13.     This matter is properly venued in the United States District Court for

1   the Central District of California, in that Defendant forced the modification on
2   Plaintiff's iPhone at her home in the County of Los Angeles, California.  Plaintiff
3   resides in the Central District of California and Defendant does business, inter alia,
4   in the Central District of California.

5      14.   There is original federal subject matter jurisdiction over this matter
6   pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb.
7   18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the
8   original jurisdiction of federal courts in any class action in which at least 100
9   members are in the proposed plaintiff class, any member of the plaintiff class is a
10  citizen of a State different from the State of citizenship of any defendant, and the
11  matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and
12  costs.

13     15.   In the case at bar, there are at least 100 members in the proposed Class
14  and Sub-classes, the total claims of the proposed Class members are in excess of
15  $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiffs and
16  the class are citizens throughout various States across the United States.

17                          **THE PARTIES**

18     16.   Plaintiff is a citizen and resident of the State of California, County of
19  Los Angeles.

20     17.   Defendant APPLE INC. is a California corporation with its principal
21  place of business and state of incorporation in California.  Defendant conducts a
22  large share of its business within California and in this judicial district.

23     18.   Plaintiff is informed and believes, and thereon alleges, that each and
24  all of the acts and omissions alleged herein were performed by, or is attributable
25  to, Defendant and/or its employees, agents, and/or third parties acting on its behalf,
26  each acting as the agent for the other, with legal authority to act on the other's
27  behalf.  The acts of any and all of Defendant's employees, agents, and/or third

28

1   parties acting on its behalf, were in accordance with, and represent, the official

2   policy of Defendant.

3       19.   Plaintiff is informed and believes, and thereon alleges, that said

4   Defendant is in some manner intentionally, negligently, or otherwise responsible

5   for the acts, omissions, occurrences, and transactions of each and all its employees,

6   agents, and/or third parties acting on its behalf, in proximately causing the

7   damages herein alleged.

8       20.   At all relevant times, Defendant ratified each and every act or

9   omission complained of herein.   At all relevant times, Defendant, aided and

10  abetted the acts and omissions as alleged herein.

11                          **PLAINTIFF'S FACTS**

12      21.   On or about September 21, 2016, Plaintiff purchased an iPhone 7,

13  32gb (iPhone).

14      22.   In purchasing the iPhone, Plaintiff paid more than valuable

15  consideration. Plaintiff paid over $649.99, including taxes and fees,.

16      23.   When shopping for a cell phone, Plaintiff was looking for a cell phone

17  that had the most features and would work upon purchase without further

18  modification.

19      24.   Plaintiff was enticed to purchase the iPhone due to Apple Inc,'s

20  reputation and the usability of the phone.

21      25.   Nowhere on any advertisements viewed by Plaintiff, including on the

22  carton or packaging of the iPhone, did Plaintiff see any representations by

23  Defendant that Plaintiff would be unable to use her Apple Inc. charger ("Apple

24  Charger") included with the phone in the future due to an update.

25      26.   Defendant had a duty to disclose to Plaintiff and other reasonable

26  consumers on the face of its packaging, that it maintained the right to restrict the

27  Apple Chargers to be incompatible after an update, because a reasonable consumer

28

would find this detail highly important to their decision to purchase an iPhone over another brand phone, and because a consumer would reasonably expect that, absent being told otherwise, they would be able to use Apple Chargers their iPhones.

27.   Plaintiff was aware that the Apple Charger is a significant accessory of the iPhone as it allows Plaintiff to use her iPhone.

28.   Upon receiving the iPhone, Plaintiff's beliefs were reaffirmed when she opened the box of her iPhone, which contained an Apple Charger.

29.   Plaintiff began using the iPhone with the included Apple Charger.

30.   Over the life of the iPhone, Plaintiff used the Apple Charger.

31.   In or around October 2017, Defendant released an update for its operating system for the iPhone.

32.   In or around October 2017, Plaintiff attempted to use her Apple Charger and received a message that read "This accessory may not be supported." Thus, requiring that people buy a new charger for her iPhone.

33.   Upon learning this, Plaintiff felt ripped off, cheated, and violated by Defendant.

34.   Plaintiff never authorized Defendant to force this modification on her in any way nor at any time.

35.   Defendant manufactured, sold and modified Plaintiff's iPhone and Apple Charger.

36.   Such business tactics rely on falsities, deception and force against a reasonable Purchaser.

37.   Defendant expressly represented to Plaintiff, through written statements, that Plaintiff's iPhone would have certain features, including a functional Apple Charger.  For instance, Defendant represented to Plaintiff that her iPhone would be compatible with the Apple Charger, on the iPhone box

packaging, when in fact this statement was false and misleading to a reasonable consumer. Defendant made the same statements on materials inside of the box of its iPhone, including the aforementioned Apple Charger.

38.    When purchasing the iPhone, Plaintiff planned on using the Apple Charger that came with her iPhone.

39.    Plaintiff was under the impression that when purchasing the iPhone, Plaintiff would be able to use the provided apple charger. In fact, when she purchased the iPhone, she was able to use the Apple Charger. Defendant had made a material representation to this effect by omitting the crucial fact that Defendant had intended to prevent Plaintiff's use of the Apple Charger in order to obtain a substantial profit from Plaintiff.

40.    Plaintiff alleges that such representations and forced modifications were part of a common scheme to mislead Purchasers, invade their privacy rights and obtain more money from Purchasers by forcing them to purchase new chargers or iPhones.

41.    Not only were such representations clearly false because the iPhone was completely altered through the course of her use, but the forced modification completely robbed Plaintiff of any use of her iPhone as sold.

42.    Plaintiff would not have purchased the iPhone if she knew that the above-referenced statements made by Defendant were false and that Defendant would forcibly control and modify her iPhone.

43.    Defendant benefited from falsely advertising the features and functions of the iPhone and from forcing unwanted and destructive modifications on Plaintiff's and similarly situated Purchasers' iPhones. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

44.    Plaintiff is informed, believes, and based thereon alleges that Defendant engaged in the exact same false misrepresentations and practices with

respect to all the iPhone 7 model iPhones like the one that Plaintiff purchased. The iphone 7 model iPhones shall be collectively referred to as "Class Products."

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

46. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All United States Citizens who, between the applicable statute of limitations and the present, purchased a Class Product which included an Apple Charger.

47. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

48. Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

49. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

50. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

51. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

52. Rather, all claims in this matter arise from the identical and affirmative forced modifications.

53. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a) Whether Defendant engaged in unlawful, unfair, or deceptive

business practices in forcibly modifying Plaintiff and other Class Members Class Prodcuts;

(b) Whether Defendant made misrepresentations with respect to the Class Products originally sold to Purchasers;

(c) Whether Defendant profited from both the initial sale and use of the Class Products and the forced modification;

(d) Whether Defendant violated California Bus. & Prof. Code §§ 17200, *et seq.*, California Bus. & Prof. Code §§ 17500, *et seq.*, and Cal. Civ Cod. §§ 1750, *et seq.*,

(e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g) The method of calculation and extent of damages for Plaintiff and Class Members.

54. Plaintiff is a member of the class she seeks to represent

55. The claims of Plaintiff are not only typical of all class members, they are identical.

56. All claims of Plaintiff and the class are based on the exact same legal theories.

57. Plaintiff has no interest antagonistic to, or in conflict with, the class.

58. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought a Class Product from Defendant during the Class Period.  Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences.  Plaintiff's claims are typical of all Class Members as demonstrated herein.

59.     Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent herself and the class.

60.     Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

## Violation of the California False Advertising Act

## (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

61.     Plaintiff incorporates by reference each allegation set forth above.

62.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

63.     California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

64.     Defendant misled Purchasers by making misrepresentations and untrue statements about its iPhones, namely, Defendant sold Class Products advertised to include particular features and functions and then forced modifications without their consent.

65.     Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable Purchasers like Plaintiff and other Class Members.

66.     As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money and property.  Plaintiff reasonably relied upon Defendant's representations regarding the Class Products, namely that the included Apple Charger would always work with the device.  In turn, Plaintiff and other Class Members ended up with iPhones that turned out be entirely different than advertised.

67.     Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

68.     Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that its operating system would be compatible with the Apple Chargers.

69.     Defendant knew that the iPhones would no longer be compatible with the Apple Chargers once it was updated.

70.     Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members and then forcibly removed its originally advertised features.

71.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to Purchasers unless enjoined or restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising and forced modification of property, as well as disgorgement and

restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising and forced modification of property, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

72.     Plaintiff incorporates by reference each allegation set forth above.

73.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

74.     California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to Purchasers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct

which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

75.     UCL cases have applied a variety of tests for what constitutes an "unfair" business practice. *See Durrell v. Sharp HealthCare*, 183 Cal. App.. 4th 1350, 1365 (2010). Here, the Plaintiff satisfies all three.

76.     The FTC test requires a Purchaser must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to Purchasers or competition; and, (3) is not one that Purchasers themselves could reasonably have avoided.

77.     Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to forcibly modify their Class Products.  Now, Plaintiff and members of the class are forced to purchase new iPhones or new chargers. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

78.     Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any Purchaser.  Defendant altered and destroyed Plaintiff's Class Product in order to obtain a competitive advantage in the marketplace. Plaintiff forewent purchasing other smartphones, including an Android phone, a competitor of Defendant, as a result of Defendant's representations.

79.     Another test for unfairness under the UCL is the antitrust test, which analyzes whether the conduct "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because it effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*., 20 Cal. 4th 163, 187 (1999).

80.     Further, Defendant's false representations and omissions, forced Plaintiff and third parties to rely on these representations when choosing which phone to buy. Cell phones, especially iPhones, are a significant cost and the Defendant induced Plaintiff and Class members to believe that they would be able to use their Apple Chargers for the lifetime of the Class Products. As a result, at the time of sale, Defendant caused Plaintiff and Class members to forgo purchasing cell phones from other brands due to false representations.

81.     A third test under for determining unfairness under the UCL is a balancing test as to whether the business practices is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 887 (1999).

82.     Here all of these factors weigh heavily in favor of Defendant's business practices being unfair.

83.     The Defendant took advantage of the market and of consumers to usurp a monopoly and deprive businesses and consumers from engaging in transactions that these businesses and consumers would have otherwise provided had Defendant not made false representations and omissions and had Defendant not invaded the cell phone of consumers and corrupted them. In so doing, Defendant has acted, immorally, unethically, oppressively, unscrupulously, and has caused a substantial injury to consumers as detailed above.

84.     Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these purchasers could reasonably have avoided.

85.     Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

86.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent"

prong of the UCL, a Purchaser must allege that the fraudulent business practice was likely to deceive members of the public.

87.    The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

88.    Here, not only were Plaintiff and the Class members likely to be deceived, but these Purchasers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase the Class Product under the basic assumption that they included certain features and functionality, including a usable Apple Charger.  Due to the unequal bargaining powers of Defendant and Class Members, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

89.    As explained above, Defendant deceived Plaintiff and other Class Members by representing the iPhones as being compatible with the Apple Chargers included with the iPhone, falsely represented the features of the Class Products.

90.    Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

91.    California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

92.    As explained above, Defendant deceived and invaded the privacy rights of Plaintiff and other Class Members by representing the iPhones as including particular features and then modifying their functionality.

93.    Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the iPhones, in violation of

California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the iPhones. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

94. Finally, Defendant violated the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et. seq., as described below. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq.

95. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## THIRD CAUSE OF ACTION

## Violation of Consumer Legal Remedies Act

## (Cal. Civ. Code § 1750 *et seq.*)

96. Plaintiff incorporates by reference each allegation set forth above herein.

97. Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

    a. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Cal. Civ. Code § 1770(7);

b. Advertising goods or services with intent not to sell them as advertised; *Cal. Civ. Code* §1770(9);

c. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14); and

d. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; *Cal. Civ. Code* §1770(16).

98.    As discussed above, Defendant made false and misleading representations regarding the features and functions included with the Class Products by omitting the material facts at the time of sale that the Apple Chargers would not work following a future update thus requiring Plaintiff and Class Members to have to purchase a new phone or a new charger.

99.    As explained above, Defendant expressly represented to Plaintiff, through written statements, that Plaintiff's phone would have certain features and functioning.  When purchasing the iPhone, Plaintiff planned on using the Apple Charger that came with the iPhone.   Plaintiff was under the impression that when purchasing the iPhone, Plaintiff would be able to use the Apple Charger that came with the iPhone at the time of purchase for the lifetime of the iPhone. When Plaintiff purchased the iPhone, almost every cell phone allowed the use of the charger that came with the cell phone for the lifetime of the cell phone and so Plaintiff reasonably believed that she would be able to use the charger for the lifetime of the iPhone. Defendant had made a material representation to this effect by omitting the crucial fact that Defendant had intended to prevent Plaintiff's use of the Apple Charger in order to obtain a substantial profit from Plaintiff. Plaintiff relied on Defendant's representations and omissions that Plaintiff would be able to use the Apple Charger that came with the iPhone for the lifetime of the iPhone.

100.   Plaintiff is informed, believes, and based thereon alleges that

Plaintiff's experience is typical of the Class. The cost of the cell phone is an important consideration when deciding which cell phone to purchase. Purchasers rely on this information when deciding which cell phone to use. By representing that purchasers would be able to use the charger that came with the iPhone for the lifetime of the iPhone, by omitting the material fact that Purchasers would not be able to use the charger that came with the iPhone for the lifetime of the iPhone, knowing that Purchasers would reasonably believe that they could, Defendant has made false and misleading representations regarding the features and functions included with the Class Products in violation of Sections 1770(a)(5), (7), (9), (14), and (16) of the CLRA.

101.   On October 23, 2018, Plaintiff sent Defendant a letter via Certified Mail pursuant to Section 1770 of Consumer Legal Remedies Act, to provide notice to Defendant of its alleged violations and to correct, repair, replace, or rectify the goods alleged to be in violation of the Consumer Legal Remedies Act. Defendant has failed to respond favorably at this time. A true and correct copy of the CLRA Letter is attached hereto as Exhibit A and the Signed Certified Mail Receipt is attached hereto as Exhibit B.

## MISCELLANEOUS

102.   Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

103.   Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

104.   Plaintiff, on behalf of herself and the Class, requests the following relief:

(a)     An order certifying the Class and appointing Plaintiff as

1        Representative of the Class;

2    (b)    An order certifying the undersigned counsel as Class Counsel;

3    (c)    An order requiring APPLE INC., at its own cost, to notify all

4        Class Members of the unlawful and deceptive conduct herein;

5    (d)    An order requiring APPLE INC. to engage in corrective

6        advertising regarding the conduct discussed above;

7    (e)    Actual damages suffered by Plaintiff and Class Members as

8        applicable or full restitution of all funds acquired from Plaintiff

9        and Class Members from the sale of Class Products during the

10        relevant class period;

11    (f)    Punitive damages, as allowable, in an amount determined by

12        the Court or jury;

13    (g)    Any and all statutory enhanced damages;

14    (h)    All reasonable and necessary attorneys' fees and costs provided

15        by statute, common law or the Court's inherent power;

16    (i)    Pre- and post-judgment interest; and

17    (j)    All other relief, general or special, legal and equitable, to which

18        Plaintiff and Class Members may be justly entitled as deemed

19        by the Court.

20

21  Dated:  February 4, 2019        Respectfully submitted,

22                LAW OFFICES OF TODD M. FRIEDMAN , PC

23

24                By: /s Todd. M. Friedman

25                TODD M. FRIEDMAN, ESQ.

26                Attorney for Plaintiff Monica Emerson

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# Law Offices of Todd M. Friedman, P.C.

**Attorneys for Consumers**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
323-306-4234 Telephone
866-633-0228 Facsimile
California Office
www.ToddFLaw.com

E-mail: TFriedman@ToddFLaw.com

Writer licensed in:
California

November 3, 2017

**Via U.S. Certified Mail and Email**
**Apple, Inc.**
**One Apple Park Way**
**Cupertino, CA 95014**

**Apple, Inc.**
**c/o C T Corporation System**
**818 Seventh Street, Suite 930**
**Los Angeles, CA 90017**

**Confidential Settlement Communication Pursuant to FRE 408 and CEC 1152 and**
**Notice of Violations of CLRA Pursuant to Cal. Civ. Code §§1782(a)(2)**

**Re:** *Monica Emerson, individually, and on behalf of all others similarly situated v. Apple, Inc., and DOES 1-10, inclusive*

To Whom It May Concern:

Please be advised that our office represents Monica Emerson ("Plaintiff"), and other similarly situated individuals, in pursuing class action wide legal claims against Apple, Inc. ("Defendant"), for violations of the Consumer Legal Remedies Act ("CLRA") and California Business and Professions Code §17200 ("BPC").

Thus, please accept this correspondence as notice pursuant to the CLRA, of Defendants' violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below.

1

Please review the violations set forth below and contact our offices immediately, to discuss settlement.

## Facts

On or about September 21, 2016, Plaintiff purchased an iPhone 7 (iPhone) from Defendant. In purchasing the iPhone, Plaintiff paid more than $649.99. Upon receiving the iPhone, Plaintiff opened the box and discovered that the iPhone came with an Apple charger. Over the life of the iPhone, Plaintiff used the Apple charger.

In or around October 2017, Defendant released an IOS update to their iPhones. At around this time, Plaintiff attempted to use her apple charger and received a message that read "This accessory may not be supported." At this point, Plaintiff, and other similarly situated consumers, were having difficulty using the Apple charger. Plaintiff was enticed to purchase Defendant's product due to Defendant's representations that, Plaintiff, and other similarly situated consumers, would be able to use their Apple chargers with their iPhone 7.

However, the aforementioned representations were false, misleading, and outright deceptive. Defendant forced an update on the iPhone which made it so that the iPhone would no longer support the Apple charger that Plaintiff and other similarly situated consumers already had. In fact, this forced Plaintiff and other similarly situated consumers to have to either purchase new chargers or the new iPhones. Such representations are material to Plaintiff's, as well as that of other similarly situated consumer's, decision to transact with Defendant. That is, had Plaintiff known that Defendant would force an update that would make her Apple charger not compatible with her iPhone, Plaintiff would not have transacted with Defendant. Furthermore, Plaintiff had no reasonable opportunity to uncover such deception prior to transacting with Defendant.

Plaintiff has been harmed economically as an actual and proximate result of Defendant's deception, and she therefore requests recompense as stated in this letter.

## CLRA (*Cal. Civ. Code* §17500 et seq.) Violations

Among other things, the CLRA prohibits the following "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction to result or which results in the sale or lease of goods or services" to a consumer:

1. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. *Cal. Civ. Code* §1770(7)

2. Advertising goods or services with intent not to sell them as advertised- *Cal. Civ. Code* §1770(9);

3. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; - *Cal. Civ. Code* §1770(14);

4. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. *Cal. Civ. Code* §1770(16)

Further, under the CLRA, a consumer may recover actual damages, an order enjoining any such practices that are prohibited by the CLRA, restitution of property, punitive damages, civil penalties, and reasonably attorney's fees and costs. *Cal. Civ. Code* §§1780, *et seq*.

By engaging in the conduct detailed above, dealer violated Sections §1770 (7), (9), (14), and (16) of the CLRA, thereby entitling Plaintiffs to attorney's fees and costs, and actual and punitive damages.

## CBPC (*Cal. Bus. Prof. Code* §17200)

The CPBC §17200 prohibits unlawful, unfair or fraudulent business acts or practices, and subjects anyone engaging in such conduct to a civil penalty of $2,500 for each violation thereof. *Cal. Bus. Prof. Code* §§17200 and 17206. Further, any person may bring an action to enjoy or restrain any violation of this act and recover actual damages resulting from such violations. *Cal. Bus. Prof. Code* §4381(b)-(c).

Defendant's conduct, as detailed above, violate numerous provisions of the CLRA; consequently, said conduct constitutes unlawful business practices. Further, to the extent that Defendant sold its services to Monica Emerson and similarly situated consumers without the intent to sell them as advertised, said conduct constitutes fraudulent and unfair business practices, all of which subjects Defendant to statutory penalties of $2,500 per each class member, as well as actual damages, and attorney's fees and costs.

## Class Potential

At this stage, Defendant's fraudulent and deceptive business practices have impacted thousands of consumers throughout the nation. Thus, we anticipate a nation-wide class of thousands of consumers whom Monica Emerson will more than adequately represent The conduct detailed above is systematic in nature. Thus, certifying a class will be very straightforward. Upon certifying a class, we will seek not only actual damages, but punitive damages and statutory damages, in addition to attorney's fees and costs. Defendant is facing seven-figure liability, at the very least.

## Demand

We intend to take this matter up as a class action, and therefore expect that any offers to settle this case must contemplate class-wide settlement. Please contact our offices within twenty (21) days of your receipt of this correspondence, to discuss settlement. Also, please be aware of the CLRA notice provided herein and that you now have thirty (30) days to cure the defects described herein

before we file a lawsuit for violation of the CLRA.

Regards,

Todd M. Friedman, Esq.
Attorney at Law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Apple, Inc.
c/o CT corporation system
518 seventh st., ste 930
Los Angeles, CA 90017

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  CT CORPORATION SYSTEM  ☐ Agent
818 West Seventh Street  ☐ Addressee
B. Received by (Printed Name)  Suite 930  C. Date of Delivery
Los Angeles, CA 90017
D. Is delivery address different from item 1?  ☐ Yes  OCT 26 2018
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail®  ☐ Priority Mail Express™
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

7014 0150 0000 1581 5312

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

## Law Offices of Todd M. Friedman

21550 Oxnard St., Suite 780
Woodland Hills, CA 91367

Emelson v. Apple          CLRA          10/28/18

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**A. Signature**

X _Crphan ley_   ☐ Agent
☐ Addressee

**B. Received by** *(Printed Name)*

**C. Date of Delivery**
10-31

1. Article Addressed to:

Apple, Inc.
one Apple Park Way
Cupertino, CA 95014

**D. Is delivery address different from item 1?** ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail®  ☐ Priority Mail Express™
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)*

7014 0150 0000 1581 5329

PS Form **3811**, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

**Law Offices of Todd M. Friedman**

21550 Oxnard St., Suite 780
Woodland Hills, CA 91367

Emerson v. Apple    CLR14    10/23/18